# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CMR

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Udodi | : | CIVIL ACTION |
| v. | : | |
| Stern, et. al. | : | NO. 19 2409 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (☒)

---

MAY 3 1 2019                *Paul McGrail*

**Date**          **Deputy Clerk**          **Attorney for**

---

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

CMR

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19    2409

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __18 Fairmount Drive, Columbus, NJ 08022__

Address of Defendant: _____

Place of Accident, Incident or Transaction: __Chester__

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case  ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/31/2019__   _/s/ signature_   _____
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*
☐  1. Indemnity Contract, Marine Contract, and All Other Contracts
☐  2. FELA
☐  3. Jones Act-Personal Injury
☐  4. Antitrust
☐  5. Patent
☐  6. Labor-Management Relations
☐  7. Civil Rights
☐  8. Habeas Corpus
☐  9. Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
   *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*
☐  1. Insurance Contract and Other Contracts
☐  2. Airplane Personal Injury
☐  3. Assault, Defamation
☐  4. Marine Personal Injury
☐  5. Motor Vehicle Personal Injury
☐  6. Other Personal Injury *(Please specify):* _____
☐  7. Products Liability
☐  8. Products Liability – Asbestos
☑  9. All other Diversity Cases
   *(Please specify):* __Other Personal Injury__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____   _____   _____
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NKIRUKA G. UDODI,
18 Fairmount Drive
Columbus, New Jersey 08022
        Plaintiff,

v.

Everett Stern and Tactical Rabbit, Inc.,
890 S. Matlack Street, Suite 460
West Chester, PA 19382
        Defendants.

CIVIL ACTION
NO. __19__ 2409

JURY TRIAL DEMANDED

## COMPLAINT

1. This is a complaint against Everett Stern and his company, Tactical Rabbit for a host of wrongs they perpetrated against this Plaintiff which will be enumerated below along with the request for appropriate equitable reliefs, compensatory and exemplary damages against them.

## PARTIES

2. Nkiruka G. Udodi (hereinafter, Plaintiff) is a Citizen and resident of the State of New Jersey with contact address as follows: 18 Fairmount Drive, Columbus, New Jersey 08022. Everett Stern and Tactical Rabbit (hereinafter, Defendants) by the virtue of the mailing address they provided this Plaintiff during their transactions leading to this controversy, are citizens and residents of the State of Pennsylvania with contact address as follows: 890 S. Matlack Street, Suite 460, West Chester, PA 19382.

## JURISDICTION OF THIS COURT

3. This Court has jurisdiction pursuant to Title 28 U.S.C., § 1332 (diversity of Citizenship) and pendent jurisdiction.

## PERTINENT FACTS OF THE CASE

4. On April 25, 2018, Plaintiff contacted the defendants and requested their services to help Plaintiff clear the name of her son who had been accused of a HIB (Harassment, Intimidation and Bullying) law violations in school. Plaintiff's son complemented a fellow student for "looking like Donald Trump," which the school authorities somehow saw as harassment or bullying of the white school mate.

5. The Defendants had numerous communications with Plaintiff which included countless guarantees of how they would not just help clear Plaintiff's son's name of the HIB violation adjudication, but that they would take the matter public and expose the school that erroneously found such a HIB violation as having been ill-motivated by race bias.

6. Plaintiff and her son are black.

7. For their alleged services (which listed intended services such as, 1. HUMINT intelligence operation, 2. Due Diligence, 3. Background Checks, 4. Legal Research, 5. Appeal Letter, 6. Possible Official Complaint - Depending on Appeal, 7. Intelligence Report / New Ready Report, 8. PR campaign, 9. Everett Stern Personally Advocates for Case) they charged and collected the sum of Eight Thousand ($8,000) Dollars from Plaintiff.

8. Ultimately Defendants wrote what is captioned "Appeal Letter," which was addressed to the New Jersey Commissioner of Education and the Mansfield School District, in Burlington County, New Jersey.

9. In this alleged appeal letter, Defendants rambled on and on about *just* some of the facts Plaintiff shared with them pertaining to the HIB adjudication. For the most part, the so-called appeal letter was incoherent, childish, unprofessional, and realistically quite adverse to Plaintiff's interest in the matter. Plaintiff advised the defendants that her son did not commit any

HIB as was charged and adjudged, yet in the so-called "appeal letter," Defendants stated that Plaintiff's son was being bullied so he had no choice but to return the aggression. This was a clearly false assertion that belongs to the defendants' mind.

10. The alleged appeal letter actually admitted the charges Plaintiff's son was fighting, against the facts supplied to the defendants by Plaintiff, and *sang* the word "Nigger," all over the letter as if the writer (Mr. Stern) had yearned to replete his writings with it. N-word would have sufficed to convey the same message.

11. When Plaintiff expressed her dissatisfaction about the letter and its hostility towards Plaintiff, and her disappointment with the defendants for submitting the *very bad* letter to the school district without letting her review it first as was agreed upon, and when Plaintiff refused to sign waivers that Defendants wanted Plaintiff to sign, all against her and her son's interest, Defendants notified Plaintiff that she would need to hire a real attorney, and that they are withdrawing from the matter.

12. Thereafter, Defendants (specifically, Mr. Everett Stern) tried to intimidate the Plaintiff by declaring that Plaintiff, a young medical practitioner with a doctorate degree, is *unstable*.

13. When all these facts are put together, it would become clear that the defendants did not have the wherewithal, legally, historically, strategically, morally, and the intention, to help this Plaintiff and her son. Defendant was all along, out to defraud Plaintiff out of money, which he succeeded in doing in the tune of Eight Thousand ($8,000) Dollars, and in the process emotionally tortured this young single black woman.

14. Of all the lists of services Defendants claimed to render (eight in total), they only ended up doing one, #5 on the list, "the appeal letter," and even that, they presented a totally

opposite of what Plaintiff wanted. They submitted a hostile argument against the Plaintiff and in favor of the opposing party to Plaintiff's case in the school district.

15.     Accordingly, not only did the defendants not earn any of the seven out of eight bullet points they promised to undertake, which means they have not earned seven thousand of the eight thousand dollars charged and collected, but the one they worked on, they worked on it as if working for the opposition. So instead of counting that as an earning, it should be a reverse earning. They should have been collecting it from the School district and not this Plaintiff.

16.     Being aware of their overall malfeasance in this matter, the defendants unsolicited, offered to refund Plaintiff the sum of Three Thousand ($3,000) Dollars. The refund talks have not taken place to date.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

17.     Plaintiff hired the defendants to appeal the adverse finding of HIB against Plaintiff's son, and specifically advised the defendants that whatever would be submitted on behalf of Plaintiff must be shown to her to first review.

18.     Not only did Defendants fail to first show Plaintiff the appeal letter before submission, they argued clearly against the Plaintiff.

19.     This is a clear breach of the agreement the Plaintiff reached with the defendants on how to carry out the services for Plaintiff.

## SECOND CAUSE OF ACTION
## (FRAUD)

20.     Defendants promised to render eight different services for the quoted amount of Eight Thousand ($8,000) Dollars, but ended up rendering only one of the listed services, and

even at that, argued clearly against the stated interest of Plaintiff, and never intended of helping Plaintiff at all, only to defraud her out of her money with false promises.

21. Because Defendants never intended on helping the Plaintiff's cause, and because the defendants indeed went against Plaintiff's interests, they have clearly defrauded Plaintiff.

## THIRD CAUSE OF ACTION
### (DEFAMATION OF CHARACTER; LIBEL)

22. Defendants in reaction to Plaintiff's concerns that They were not legally and materially equipped to help her with her legal issues with the school district, prepared a letter, calling Plaintiff unstable.

23. Defendants published the letter through the world wide web, and on occasions advised Plaintiff that his letters are usually written and published on behalf of the company, Tactical Rabbit, and also that the company always enjoy the second-read of their attorneys. So, the letter that branded Plaintiff unstable was seen and read by many in the third-party category. Furthermore, friends and family of Plaintiff have clear unabashed access to Plaintiff's lap top and they all read defendants libelous letter.

24. In the days, weeks and months following this libelous letter, Plaintiff had noticed how strange her family and friends who had read that libelous letter had been behaving around her with much distrust and apprehension about serious life matters.

25. Plaintiff, however, is not unstable, and defendants did not proffer any factual or scientific proof that she is indeed unstable. As such, the libelous piece is a falsehood, thus a clear defamation of her character, especially for a medical professional with the lives of others in her hands.

## REQUEST FOR RELIEF

26. For breach of contract, Plaintiff request first, the return of all the money she wired to the defendants in the sum of Eight Thousand ($8,000) Dollars, and also for arguing against Plaintiff's position and not letting the Plaintiff first review the submitted so-called "appeal letter," Plaintiff requests the sum of One hundred Thousand ($100,000) Dollars in punitive damages, all for a total of One hundred and Eight Thousand ($108,000) Dollars.

27. For the fraud perpetrated by the defendants, Plaintiff requests compensatory damages in the amount of One hundred Thousand ($100,000) Dollars.

28. For the Defamation of character, Plaintiff requests the sum of One Million ($1,000,000) Dollars in both exemplary and compensatory damages.

WHEREFORE, for all the foregoing, Plaintiff respectfully prays.

Respectfully Submitted:

*/s/ Nkiruka Udodi*

Nkiruka G. Udodi
Plaintiff, Pro Se

Dated: 5/28/19

6



CMR

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) | Civil Action No.  **19  2409** |
| EVERETT STERN AND TACTICAL RABBIT, INC., | ) ) ) | |
| Defendant | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: