## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nkiruka G. Udodi<br><br>                                     Plaintiff<br><br>                    v.<br><br>Everett Stern, Tactical Rabbit, Inc.<br><br>                              Defendants. | Civil Action<br><br><br>No. 19-cv-2409 |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2019, upon consideration of the Motion to Dismiss filed by Defendants, Everett Stern and Tactical Rabbit, Inc., Plaintiff's response to that Motion, and the briefs filed by the parties, it is hereby ORDERED that the Motion is GRANTED.  Plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:


_____

                                                                J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nkiruka G. Udodi<br><br>                                    Plaintiff<br><br>                    v.<br><br>Everett Stern, Tactical Rabbit, Inc.<br><br>                                    Defendants. | Civil Action<br><br><br>No. 19-cv-2409 |

## MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) BY EVERETT STERN AND TACTICAL RABBIT, INC.

Defendants, Everett Stern and Tactical Rabbit, Inc., through their attorneys, Lamb McErlane PC, hereby move this Court to dismiss the Complaint filed against them by Plaintiff, Nkiruka Udodi, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The reasons supporting this Motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted

**LAMB McERLANE PC**

By: /s/ T. Maxwell O'Keefe
    T. Maxwell O'Keefe, Esquire
    Attorney I.D. No. 208685
    24 East Market Street
    P.O. Box 565
    West Chester, PA  19381
    (610) 430-8000
    *Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nkiruka G. Udodi<br><br>                              Plaintiff<br><br>                    v.<br><br>Everett Stern, Tactical Rabbit, Inc.<br><br>                              Defendants. | Civil Action<br><br><br>No. 19-cv-2409 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I.    INTRODUCTION.

Defendants Everett Stern and Tactical Rabbit, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

Plaintiff's claims should be dismissed in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to properly plead a factual basis to establish the essential elements of Breach of Contract, Fraud, and Defamation under both Pennsylvania and New Jersey law.

For these reasons, addressed in detail below, this Court should dismiss Plaintiff's claims under 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    <u>BACKGROUND</u>

On May 31, 2019, Plaintiff Nkiruka Udodi, filed a multi-count complaint in this Court related to services rendered to Plaintiff by Tactical Rabbit, Inc. Count I of Plaintiff's Complaint alleges Defendants breached the contract between the parties in which Defendant agreed to serve as an advocate for Plaintiff's son; Count II of Plaintiff's Complaint attempts to allege a claim of fraud; and Count III of Plaintiff's Complaint alleges that Defendant defamed and libeled Plaintiff's son.[1] However, as Defendants shall show, Plaintiff's Complaint does not meet even the liberal pleading standards in federal court because she fails to allege the basic elements that would give rise to a claim on each theory.

Concerning Count I, Plaintiff does not attach to her Complaint a copy of the contract allegedly breached, does not describe the contractual obligation allegedly undertaken, and makes no attempt to identify the duty that she claims to have been violated. In fact, Plaintiff's Complaint specifically avers that Defendants sent an appeal letter on Plaintiff's behalf, and thus alleges that Defendants *performed* under the alleged contract without specifying how the performance was at a variance with the terms of the contract. Because Plaintiff does not articulate how Defendants' performance under the contract varied from what Defendants were contractually

---

[1] It should be noted that Plaintiff did not properly serve Defendants with the Complaint. On an unknown date, the Complaint was left with a representative of the apartment complex in which Defendant Everett Stern resides. This representative provided Stern with a copy of the Complaint on June 26th, 2019.

obligated to provide, Plaintiff's claim for breach of contract must fail.

Concerning Count II, Plaintiff fails to state with any degree of particularity the circumstances constituting alleged fraud, and does not identify the nature of the fraud alleged, upon whom allegedly perpetrated, or the specific content of the alleged misrepresentation claimed to constitute fraud, as required by Federal Rule of Civil Procedure 9(b), as well as Pennsylvania and New Jersey law. Plaintiff simply parrots her claim for breach of contract in Count I as though that were sufficient to set out a claim for fraud in Count II – but the non-specific allegations do not satisfy the particularized pleading requirements for fraud actions in either Pennsylvania or New Jersey. Moreover, Pennsylvania's gist of the action doctrine and New Jersey law preclude Plaintiff's attempt to seek a tort remedy where her claim, if any, arises out of a contract.

Concerning Count III, Plaintiff fails to plead with particularity the alleged defamatory content of the statement(s) she claims are actionable, whether and how Defendants published the allegedly defamatory statements, the recipients of the alleged defamatory statements, and any special harm or damages sustained by Plaintiff, herself, as a result of the allegedly defamatory statements. In fact, Plaintiff's only basis for her claim of defamation is that Defendants allegedly referred to her as "unstable" in an unidentified letter, that she does not attach to the Complaint; a claim for which Plaintiff now purports to seek damages of $1,000,000.

3

III.   **ARGUMENT.**

A.   **Standard of Review**

1.   **The Standard Under Rule 12(b)(6)**

Dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party's complaint fails to state a claim upon which relief can be granted. "When deciding a motion to dismiss under Rule 12(b)(6), the District Court must accept the factual allegations as true and resolve all doubts as to the sufficiency of the claim in the plaintiff's favor." *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). To withstand a motion to dismiss, the allegations in the complaint must be enough to raise the right to relief beyond the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Federal Rule of Civil Procedure 8(a), a plaintiff must plead facts sufficient to satisfy each element required for a recovery under each of its claims. Though the complaint need not contain detailed factual allegations, it must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." *Id.* The United States Supreme Court has stated that "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (*citing Twombly, supra*). *See also, Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (noting that since the United States Supreme Court's

4

decisions in *Bell Atlantic Corp. v. Twombly*, *supra*, and *Ashcroft v. Iqbal*, *supra*, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.")

 In evaluating whether allegations in a Complaint survive a Rule 12(b)(6) motion, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and conclusory allegations are insufficient to survive a motion to dismiss. *Harris v. Saint Joseph's Univ.*, No. CIV.A. 13-3937, 2014 WL 1910242, at *3 (E.D. Pa. May 13, 2014) (*citing Iqbal*, *supra*).

Under these standards, Plaintiff's claims against Defendants should be dismissed for failure to state a claim.

### B. Plaintiff's Claim for Breach of Contract Should Be Dismissed Under Rule 12(B)(6).

#### 1. Plaintiff fails to plead with sufficient particularity the necessary elements of a claim for breach of contract.

Plaintiff's claim against Defendants for breach of contract must be dismissed under Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. Under *Twombly* and *Iqbal*, it is clear that a plaintiff must plead facts—as opposed to conclusions—to establish all elements of a claim in order to survive a Rule 12(b)(6) motion.

"Under Pennsylvania law, parties asserting claims for breach of contract must

allege three elements to adequately state a claim: "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages." *Alpart v. Gen. Land Partners, Inc.,* 574 F.Supp.2d 491, 502 (E.D. Pa. 2008) (internal citations omitted) "Although every term of a contract need not be stated in complete detail, every element must be specifically pleaded." *CoreStates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super.1999).

In her claim for breach of contract, Plaintiff does not describe a contract with Defendants, let alone plead the essential terms of the contract or specific duties the Defendants allegedly breached.

Plaintiff refers to her "dissatisfaction about the letter" (Complaint ¶11) and her "disappointment with the defendants for submitting the very bad letter to the school district without letting her review it first," *id.*, but nowhere pleads how either her "disappointment" or "dissatisfaction" constitute a breach of the terms of the contract with Defendant. Plaintiff may have had subjective expectations concerning Defendants' services, but nowhere does she plead that her expectations – such as the opportunity to review the letter to school district before its submission – were memorialized or agreed to by Defendants in a contract. Without a meeting of the minds, of course, there can be no contract and no breach. Plaintiff's allegation that Defendants failed to meet her personal expectations is legally insufficient to make out a claim for breach of contract.

6

Nor has Plaintiff alleged set forth sufficient facts to state a claim that Defendants breached a contract with Plaintiff. Clarity in the pleadings is "particularly important where an oral contract is alleged." *Pa. Supply, Inc. v. Am. Ash Recycling Corp.,* 895 A.2d 595, 600 (Pa.Super. 2006) (internal citations omitted). Yet, Plaintiff does not plead the existence of any oral contract, or any of its specific terms that Defendants allegedly breached.

Simply put, Plaintiff failed to plead even the existence of a contract or what form the alleged contract took, let alone the essential terms Plaintiff avers Defendants breached, as required by Pennsylvania or New Jersey law. Plaintiff's claim for breach of contract under Count I of the Complaint should thus be dismissed under Rule 12(b)(6).

### C.    Plaintiff's Claim for Fraud Should Be Dismissed Under Rule 9(b) and 12(B)(6) .

#### 1.    Plaintiff fails to plead with sufficient particularity the necessary elements of fraud.

Plaintiff's claim against Defendants for fraud must be dismissed under Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted.

Rule 9(b) of the Federal Rules of Civil Procedure provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) requires plaintiffs to plead the circumstances of the

alleged fraud with particularity to ensure that defendant is placed on notice of the precise misconduct with which [it] is charged, and to safeguard defendant against spurious charges of fraud." *Craftmatic Securities Litigation v. Kraftsow,* 890 F.2d 628, 645 (3d Cir.1989) (internal citations omitted). Pennsylvania *and* New Jersey law also require that claims of fraud be averred with particularity. "In Pennsylvania, fraud of any kind must be pleaded in a complaint with particularity." *Kern v. Kern*, 892 A.2d 1, 8 (Pa. Super. 2005) "[New Jersey] Rule 4:5–8(a) requires that any complaint alleging fraud set forth the "particulars of the wrong, with dates and items if necessary ... insofar as practicable." *Hoffman v. Hampshire Labs, Inc*., 963 A.2d 849, 853 (N.J. Super. 2009)

Pennsylvania law requires that to establish a *prima facie* claim for fraud a plaintiff must prove: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury proximately caused by the fraud and reliance. *Local Union 30, United Union of Roofers, Waterproofers & Allied Workers v. D.A. Nolt, Inc.*, 625 F. Supp. 2d 223, 228 (E.D. Pa. 2008)[2]

---

[2] Although Defendants maintains that Pennsylvania law applies to the instant matter because Defendants reside and primarily operate in Pennsylvania, the elements of fraud under New Jersey law are materially the same. "The elements of common law fraud are "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the

Nowhere in her Complaint does Plaintiff plead what false representation Defendants allegedly made, how Plaintiff reasonably relied on the representations and how her reliance caused harm. Plaintiff's sole basis for the claim of fraud is that that Defendants "never intended of helping (*sic*) Plaintiff at all, only to defraud her out of money with false promises," (Complaint, ¶20) yet Plaintiff provides no particularity as to what the alleged "false promises" were, when they were made, how made, to whom, or who made them.

Plaintiff also avers that Defendant's failure to render the services they allegedly promised constituted fraud, but the law is clear that the mere failure to do something does not constitute fraud. "Although it is well established that fraud consists of anything calculated to deceive…<u>it is equally clear that a promise to do something in the future and the failure to keep that promise, is *not* fraud</u>. Rather, a cause of action for fraud requires that a misrepresentation of a past or present material fact be pleaded and proved." *Greenberg v. Tomlin*, 816 F. Supp. 1039, 1054 (E.D. Pa. 1993) (emphasis added) Pennsylvania law is clear that the mere allegation that a party failed to fulfill a promise does not constitute fraud, yet that is the sum total of what Plaintiff alleges.

Because it does not contain the particularity required by Rule 9(b), Plaintiff's

---

other person; and (5) resulting damages." *Allstate New Jersey Ins. Co. v. Lajara*, 117 A.3d 1221, 1231 (N.J. 2015)

Complaint is fatally deficient. Plaintiff's claim for fraud under Count II of the Complaint should thus be dismissed under Rule 12(b)(6).

> **D.    Plaintiff's claim for fraud is simply a restatement of her claim for breach of contract and is thus barred by the gist of the action doctrine.**

Plaintiff's fraud claim merely duplicates her claim for breach of contract, and is hence barred by the gist of the action doctrine.

"In Pennsylvania, the 'gist of the action' doctrine 'maintain[s] the conceptual distinction between breach of contract and tort claims [,]' and precludes plaintiffs from recasting ordinary breach of contract claims as tort claims." *McShea v. City of Phila.,* 606 Pa. 88, 995 A.2d 334, 339 (Pa.2010) (quoting *eToll, Inc. v. Elias/Savion Adver., Inc.,* 811 A.2d 10, 14 (Pa.Super.Ct.2002)). "The 'gist of the action' doctrine prevents a plaintiff from bringing a tort claim that merely restates a breach of contract claim." *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 680 n. 8 (3d Cir.2002)

The Pennsylvania Superior Court in *eToll* found that the gist of the action doctrine precludes tort actions "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract." *eToll, Inc.,* 811 A.2d at 19 (internal citations

and internal quotation marks omitted)[3]

In the Complaint, under her "Second Cause of Action" where she describes her claim for fraud, Plaintiff alleges that Defendants promised to render "eight different services…but ended up rendering only one of the listed services" (Complaint, ¶20) and then summarily concludes that this evidenced Defendants' intent to defraud. Plaintiff has simply taken the allegation that Defendants failed to fulfill some contractual obligation (an obligation never defined or explained in the Complaint) and labeled this alleged failure as fraud.

Plaintiff's attempt to simply rebrand her breach of contract claim as a fraud claim is precisely the sort of pleading prohibited by the gist of the action doctrine and, as such, Plaintiff's claim for fraud must be dismissed.

### E.   Plaintiff's Claim for Defamation of Character and Libel Should Be Dismissed Under Rule 12(b)(6).

Plaintiff's claim against Defendants for defamation and libel must be dismissed under Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted.

"Under Pennsylvania law, in order to state a cause of action for defamation, a plaintiff must allege the following: (1) The defamatory character of the

---

[3] The same prohibition against maintaining a claim in tort relating to a breach of contract also applies under New Jersey law. "It has long been the law that remedies in tort relating to a breach of contract may not be maintained in addition to those established under the contract itself in the absence of any independent duty owed by the breaching party to the plaintiff. Int'l Minerals & Min. Corp. v. Citicorp N. Am., Inc., 736 F. Supp. 587, 597 (D.N.J. 1990)

communication; (2) [i]ts publication by the defendant; (3) [i]ts application to the plaintiff; (4) [t]he understanding by the recipient of its defamatory meaning; (5) [t]he understanding of it as intended to be applied to the plaintiff; (6) [s]pecial harm resulting to the plaintiff from its publication" *Giordano v. Claudio*, 714 F. Supp. 2d 508, 525–26 (E.D. Pa. 2010)(internal citations omitted).[4]

### F.    Plaintiff neither pleads with particularity how the allegedly defamatory statement was published, nor who the recipients of the allegedly defamatory statement were.

In the Complaint, Plaintiff merely alleges that Defendants published "the letter through the world wide web" and that "the letter" was seen and read "by many the third party category" (Complaint, ¶24) While it is entirely unclear from the Complaint what "letter" Plaintiff is referring to (because no such document was attached to the Complaint) Defendants believe that Plaintiff may be referring to a private e-mail sent by Defendants to Plaintiff shortly after Plaintiff made known her dissatisfaction with Defendants. Plaintiff does not suggest that either the intended or actual recipient of the alleged letter was anyone other than Plaintiff herself.  It is axiomatic that a statement about an individual made directly to that individual and no one else is not defamation, regardless of content. If this e-mail is, in fact, the

---

[4] New Jersey law requires a plaintiff to plead substantially the same elements for a claim of defamation, except New Jersey law additionally requires a plaintiff to plead that the defendant was negligent. "A defamation claim has three elements:  "(1)  the assertion of a false and defamatory statement concerning another; (2)  the unprivileged publication of that statement to a third party;  and  (3) fault amounting at least to negligence by the publisher." <u>G.D. v. Kenny</u>, , 984 A.2d 921, 927–28 (N.J. Super. 2009), <u>aff'd,</u> 15 A.3d 300 (N.J. 2011).

"letter" Plaintiff is referring to, her claim for fraud must fail as the mere act of sending an e-mail to the allegedly defamed party does not constitute publication to a third-party.

Defendants are forced to speculate as to the nature of the letter Plaintiff alleges, however, as Plaintiff's allegation is devoid of any particularity as to how, through what medium or to whom the Defendants allegedly published the alleged "letter." Plaintiff provides only a vague reference to the "letter" being published through the "world wide web;" a term that is obviously too imprecise to establish publication for purposes of an action in defamation.

Moreover, Plaintiff's Complaint actually suggests that Plaintiff herself, after personally receiving the "letter," was responsible for actual publication of the "letter" to her friends and family. Although unclear, it appears that the Plaintiff granted to her friends and family "clear unabashed access to Plaintiff's laptop," *id.,* and it was through this access that publication of the "letter" to Plaintiff's friends and family occurred. Thus, to the extent the "letter" existed and was published, Plaintiff's Complaint shows that it was Plaintiff herself who published that "letter."

In addition to providing no allegation that *Defendants* were responsible for publication, Plaintiff does not identify a single individual who received "the letter". An essential element of defamation under Pennsylvania law is showing the recipient's understanding that the communication is defamatory. *See Giordano,* at

525-526. In this case, Plaintiff does not even plead who the recipient(s) of "the letter" was/were, let alone whether that recipient(s) understood the letter to be defamatory meaning. For this reason as well, Plaintiff's claim of defamation must be dismissed.

### G.    The mere expression of opinion that another is "unstable" is not defamatory.

Plaintiff's only allegation that Defendants made a communication defamatory in character is that Defendants "prepared a letter, calling Plaintiff unstable" (Complaint ¶22). Even if it is assumed to be true that Defendants "published" the alleged statement to third parties, such communication does not rise to the level of "defamation" under Pennsylvania law.

"It is the court's function, not the jury's, to determine whether a statement is capable of defamatory meaning and whether a statement is a fact or opinion. *Parano v. O'Connor,* 641 A.2d 607, 609 (Pa.Super.1994) In *Parano,* the court held that statements that Plaintiff was "uncooperative" and "less than helpful" were not overtly offensive and did not rise to the level of defamation. "It is not enough that the victim of the [statements] ... be embarrassed or annoyed, he must have suffered the kind of harm which has grievously fractured his standing in the community of respectable society." *Tucker v. Phila. Daily News,* 848 A.2d 113, 124 (Pa. 2004)

"Importantly, only statements of fact, rather than mere expressions of opinion, are actionable under Pennsylvania law. *Moore v. Cobb–Nettleton,* 889 A.2d 1262, 1267 (Pa.Super.Ct.2005) "In order for an opinion to be deemed capable of

14

defamatory meaning under Pennsylvania law, it must reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion." *Remick v. Manfredy,* 238 F.3d 248, 261 (3d Cir.2001) (internal citations omitted) "Expressions of opinion are not actionable for slander unless they imply the allegation of undisclosed defamatory facts as the basis for the opinion." *Baker v. Lafayette College,* 532 A.2d 399, 402; *Restatement 2d Torts* § 566. "A simple expression of opinion occurs when the maker of the comment expresses a comment as to the person's conduct, qualifications or character after either stating the facts on which he bases his opinion or when both parties to the communication know the facts or assume their existence." *Restatement 2d Torts* § 566, comment b. Such expressions of opinion are not "sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is." *Id.* at comment c.

Even if Plaintiff's allegation that Defendants called her "unstable" is true, the characterization is unquestionably a statement of opinion, which is insufficient by itself to support a claim for defamation. Furthermore, the mere act of calling an individual "unstable," while it may result in annoyance or embarrassment, is not overtly offensive nor is it the sort of allegation which would "grievously fracture one's standing in the community of respectable society," as required to set forth a claim for defamation, under the standard articulated by the Pennsylvania Supreme

15

Court in *Tucker*. For this reason, Plaintiff's claim for defamation must be dismissed.

### H.    Plaintiff failed to plead any special harm resulting from the alleged defamatory statement.

"One of the requirements of a defamation claim is to show 'special harm' resulting to the plaintiff from its publication. *Clemente v. Espinosa,* 749 F.Supp. 672, 677 (E.D. Pa. 1990) "The term 'special harm' is defined as 'actual damages which are economic or pecuniary losses.'" *Sprague v. Am. Bar Ass'n,* 276 F.Supp.2d 365, 368–69 (E.D.Pa.2003) (quoting Restatement (Second) of Torts, § 575, cmt. b (1977)).

Yet Plaintiff pleads no special harm in her Complaint. Plaintiff does not explain what actual economic or pecuniary losses she suffered as a result of Defendants' alleged defamation. Plaintiff does not plead that her professional reputation or standing in the community was negatively impacted. In fact, Plaintiff makes no allegation that she was harmed at all, other than the bare assertion that she noticed "how strange her family and friends… had been behaving around her with much distrust and apprehension about serious life matters." (Complaint, ¶24) It bears repeating that, per Plaintiff's Complaint, Plaintiff's family and friends were only exposed to the alleged "libelous letter" after Plaintiff provided them with "clear and unabashed access" to her own laptop – an act completely outside the control of Defendants.

Despite the fact that Plaintiff fails to allege <u>any</u> special harm suffered as a result of the Defendants alleged libelous letter, she makes a claim for $1,000,000 in compensatory damages. Plaintiff makes no attempt to justify this arbitrary sum, which is completely disproportionate to any of the claims alleged. Because the Complaint is devoid of any pleading that Plaintiff suffered pecuniary damages as a result of the alleged libelous letter, the claim for defamation must be dismissed under Rule 12(b)(6).

## IV.    <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request that Plaintiff's claims be dismissed in their entirety under Rules 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**LAMB McERLANE PC**

By: */s/ T. Maxwell O'Keefe*
T. Maxwell O'Keefe, Esquire
Attorney I.D. No. 208685
24 East Market Street
P.O. Box 565
West Chester, PA  19381
(610) 430-8000

*Counsel for Defendants*

17

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that in this case a complete copy of the foregoing Motion to Dismiss Complaint has been filed electronically and is available for viewing and downloading from the ECF system.  This document is being served upon the following counsel by First Class Mail:

Nkiruka G. Udodi
18 Fairmount Drive
Columbus, NJ 08022

**LAMB McERLANE PC**

By: */s/ T. Maxwell O'Keefe*
T. Maxwell O'Keefe, Esquire
Attorney I.D. No. 208685
24 East Market Street
P.O. Box 565
West Chester, PA  19381
(610) 430-8000

*Counsel for Defendants*